IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*Richmond Division*

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:26-mj-13 |
| JONATHAN MUNAFO, | |
| Defendant. | |

### GOVERNMENT'S MOTION FOR REMOTE TESTIMONY OF ONE WITNESS

COMES NOW, the United States of America, by and through Todd W. Blanche, Deputy Attorney General, and Patrick J. McGorman, Assistant United States Attorney, and hereby asks this Court to allow a United States Probation Officer from the Northern District of New York to testify remotely at the defendant's Rule 5 hearings scheduled for Monday, March 9, 2026, at 2:00 p.m.[1]

The defendant absconded from supervision in the Northern District of New York. Accordingly, the probation officer in that district filed a petition alleging a violation of supervised release and requesting revocation of supervised release. United States District Judge Anne M. Nardacci then issued an arrest warrant for the defendant. Pursuant to that warrant, The United States Marshals arrested the defendant in the Richmond metro area on March 3, 2026, and brought him before United States Magistrate Judge Mark R. Colombell for his initial appearance in this district. At that time, the defendant indicated that he wished to have all of his Rule 5 hearings in this Court. Monday's hearings will therefore encompass identity, preliminary, and detention. The United States will also produce a true copy of the arrest warrant at or before that time.

---

[1] This will likely be Probation Officer Thomas M. Carey, who is and has been the defendant's supervising officer.

Although reliable hearsay is permitted at these hearings, and a probation officer from here could testify, the N.D.N.Y. probation officer is best situated to explain to this Court the procedural history involving this defendant as well as the factual basis for the allegations in the Petition.  That is particularly true where the defendant has a history including supervision in more than one district.  This testimony is relevant to the preliminary and detention hearings and also may go to identity.  The N.D.N.Y. probation officer's office is in Albany, New York, approximately 475 miles away, which, to get here, would necessitate about a 7.5-hour drive, 8.5-hour train journey, or 3-4 hours of flying time with at least one layover.  His testimony is anticipated to take approximately 15 minutes, absent any cross-examination or additional inquiries from the Court. Thus, there is good cause for this Court to allow his remote testimony in the interest of justice.

Pursuant to E.D.Va. Local Criminal Rule 53, counsel for the United States has advised the N.D.N.Y. probation officer that he may not record the proceedings.

Counsel for the United States has only requested remote testimony once in this District, in a supervised release revocation hearing before Senior United States District Judge Robert E. Payne, and Judge Payne allowed the remote testimony in that case, which was by an out-of-state witness whose testimony was similarly short in duration.

Counsel for the United States has communicated with counsel for the defendant, Mr. Javionte Johson, and Mr. Johnson has no objection to this motion.

//

//

//

//

//

2

For these reasons, the United States requests that this Court allow the probation officer to testify remotely, on whatever platform the Court or the Court's information technology team directs.

Respectfully submitted,

TODD W. BLANCHE
DEPUTY ATTORNEY GENERAL


_____/s/_____
Patrick J. McGorman
New York Bar No. 5526256
Assistant United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
804-819-5400
Patrick.McGorman@usdoj.gov

3